# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FENTRESS SMITH,<br><br>                    Plaintiff,<br><br>         v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. EDCV 11-01290-JEM<br><br>MEMORANDUM OPINION AND ORDER<br>AFFIRMING DECISION OF THE<br>COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On August 23, 2011, Fentress Smith ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") disability benefits.  The Commissioner filed an Answer on November 28, 2011.  On April 9, 2012, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 47 year old male who applied for SSI benefits on March 30, 2007, alleging disability beginning July 16, 2003.  (AR 16.)  Plaintiff has not engaged in substantial gainful activity since March 30, 2007, the application date.  (AR 18.)

Plaintiff's claim was denied initially and on reconsideration on November 15, 2007.  (AR 16.)  Plaintiff filed a timely request for hearing on January 10, 2008.  (AR 16.)  Plaintiff appeared and testified at hearings held before Administrative Law Judge ("ALJ") Joseph D. Schloss on May 18, 2009, and November 16, 2009, in San Bernardino, California.  (AR 16.)  Claimant was represented by counsel at both hearings.  (AR 16.)  Medical expert Dr. Arthur Lorber and vocational expert ("VE") Corinne Porter also appeared and testified at the November 16, 2009, hearing.  (AR 16.)  The ALJ issued an unfavorable decision on February 11,  2011.  (AR 16-26.)  The Appeals Council denied review on July 5, 2011.  (AR 1-5.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.    Whether the ALJ properly considered the May 13, 2009, and June 5, 2009, opinions of treating physician Muhammad Nasir, M.D., an internist and pain management specialist.

2.    Whether the ALJ properly considered the June 2009 opinions of Dr. Styner, a qualified medical examiner for Mr. Smith's worker's compensation claim.

3.    Whether the ALJ properly considered Mr. Smith's excess pain testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

1  Substantial evidence means "'more than a mere scintilla,' but less than a
2  preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.
3  Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a
4  reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at
5  401 (internal quotation marks and citation omitted).

6  This Court must review the record as a whole and consider adverse as well as
7  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where
8  evidence is susceptible to more than one rational interpretation, the ALJ's decision must be
9  upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).
10 "However, a reviewing court must consider the entire record as a whole and may not affirm
11 simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882
12 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495
13 F.3d 625, 630 (9th Cir. 2007).

14                         **THE SEQUENTIAL EVALUATION**

15 The Social Security Act defines disability as the "inability to engage in any substantial
16 gainful activity by reason of any medically determinable physical or mental impairment which
17 can be expected to result in death or . . . can be expected to last for a continuous period of not
18 less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has
19 established a five-step sequential process to determine whether a claimant is disabled.  20
20 C.F.R. §§ 404.1520, 416.920.

21 The first step is to determine whether the claimant is presently engaging in substantial
22 gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging
23 in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137,
24 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or
25 combination of impairments. Parra, 481 F.3d at 746.  An impairment is not severe if it does not
26 significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir.
27 1996).  Third, the ALJ must determine whether the impairment is listed, or equivalent to an
28 impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d

3

at 746.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1]  20 C.F.R. § 416.920(e).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since March 30, 2007, the date Plaintiff applied for SSI disability benefits.  (AR 18.)  Based on a previous application filed on November 30, 2004,

---

[1]  Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

1  Plaintiff was found disabled with an onset date of November 1, 2004, due to a disorder of the
2  back.  (AR 16.)  Subsequently, he was incarcerated from November 2005 to March 28, 2007,
3  and his entitlement to SSI disability benefits ceased.  (AR 16.)  The alleged onset date for this
4  application is March 30, 2007.  (AR 579, 590.)

5        At step two, the ALJ determined that Plaintiff has the following medically determinable
6  severe impairment: degenerative disc disease of the lumbar and cervical spine.  (AR 18. )

7        At step three, the ALJ determined that Plaintiff does not have an impairment or
8  combination of impairments that meets or medically equals one of the listed impairments.  (AR
9  18-19.)

10        The ALJ then found that the Plaintiff has the RFC to perform light work except for the
11  following limitations:

12            [C]laimant can only occasionally bend, stoop, kneel, crawl and climb stairs
13            and ramps.  He cannot balance, work with vibration, work at unprotected
14            heights or climb ladders, ropes or scaffolds.

15  (AR 19.)  In determining this RFC, the ALJ also made an adverse credibility determination.  (AR
16  19.)

17        At step four, the ALJ found that Plaintiff is unable to perform any of his past relevant
18  work as a driver/loader/unloader and bus driver, which all required exertion beyond the
19  assessed RFC.  (AR 24.)  Based on the testimony of the VE, however, the ALJ did find there
20  were other jobs existing in significant numbers in the national economy that Plaintiff can
21  perform, including hand packager, mail clerk and cashier.  (AR 25.)

22        Consequently, the ALJ concluded that Claimant was not disabled within the meaning of
23  the Social Security Act since March 30, 2007, the date Claimant's application for Supplement
24  Security Income disability benefits was filed.  (AR 26.)

25                              **DISCUSSION**

26        The ALJ decision must be affirmed.  The ALJ properly rejected the opinions of Dr. Nasir
27  and Dr. Styne.  The ALJ properly discounted Plaintiff's subjective symptom testimony.

28

1   The ALJ's RFC is supported by substantial evidence.  The ALJ's non-disability

2   determination is supported by substantial evidence and free of legal error.

3   **I.      THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

4        Claimant alleges disability due to neck and back pain.  (AR 19, 20, 21.)  The ALJ

5   assessed the Claimant with an RFC for light work with some limitations.  (AR 19.)  All three

6   issues raised by Plaintiff concern the ALJ's RFC.  The ALJ's RFC, however, is supported by

7   substantial evidence.

8        An RFC is not a medical determination but an administrative finding or legal decision

9   reserved to the Commissioner based on consideration of all the relevant evidence, including

10  medical evidence, lay witnesses and subjective symptoms.  See SSR 96-5p; 20 C.F.R.

11  § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the

12  record, including medical records, lay evidence, and the effects of symptoms, including pain

13  reasonably attributable to the medical condition.  Robbins, 466 F.3d at 883.

14  **A.      The ALJ Properly Rejected The Opinions And
          RFC Assessments Of Dr. Nasir And Dr. Styne**

15       Plaintiff's first two challenges to the ALJ's RFC are that the ALJ improperly rejected the

16  opinions of treating physician and pain management specialist Dr. Nasir and consulting

17  examiner Dr. Styne.  The Court disagrees.

18              1.     Relevant Federal Law

19       In evaluating medical opinions, the case law and regulations distinguish among the

20  opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2)

21  those who examine but do not treat the claimant (examining physicians); and (3) those who

22  neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20

23  C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In

24  general, an ALJ must accord special weight to a treating physician's opinion because a treating

25  physician "is employed to cure and has a greater opportunity to know and observe the patient

26  as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If

27  a treating source's opinion on the issues of the nature and severity of a claimant's impairments

28

1  is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is

2  not inconsistent with other substantial evidence in the case record, the ALJ must give it

3  "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

4        Where a treating doctor's opinion is not contradicted by another doctor, it may be

5  rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the

6  treating physician's opinion is contradicted by another doctor, such as an examining physician,

7  the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons,

8  supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495

9  F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating

10  physician's opinion is contradicted by an examining professional's opinion, the Commissioner

11  may resolve the conflict by relying on the examining physician's opinion if the examining

12  physician's opinion is supported by different, independent clinical findings.  See Andrews v.

13  Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an

14  uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing

15  reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's

16  opinion is contradicted by another physician's opinion, an ALJ must provide specific and

17  legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot

18  by itself constitute substantial evidence that justifies the rejection of the opinion of either an

19  examining physician or a treating physician"; such an opinion may serve as substantial

20  evidence only when it is consistent with and supported by other independent evidence in the

21  record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

22        2.    Analysis

23        The medical evidence in this case is in conflict.  The ALJ's RFC for light work with

24  limitations was based on two complete orthopedic evaluations by orthopedic surgeon Dr. Bunsri

25  Sophon, the opinions of two reviewing State agency reviewers, the opinion of testifying medical

26  expert Dr. Arthur Lorber, and considerable MRI testing and other objective medical evidence.

27  The ALJ rejected the opinions of Dr. Nasir and Dr. Styne, both of whom wrote that Plaintiff was

28  disabled.  The ALJ is responsible for resolving conflicts in the medical evidence, Andrews, 53

1    F.3d at 1039, and the ALJ's interpretation of the evidence if reasonable should not be second-

2    guessed.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001.)  Here, the ALJ's

3    interpretation of the medical evidence is reasonable and supported by substantial evidence.

4            Dr. Sophon's first report was April 24, 2007.  (AR 348-52.)  Despite Plaintiff's claims of

5    low back and neck pain, Dr. Sophon found him in no acute distress.  (AR 348-49.)  There was

6    no evidence of tenderness or muscle spasm in the cervical spine, or thoracic and lumber spine.

7    (AR 350.)  Range of motion was within normal limits, except for the lumbar spine.  (AR 350,

8    351, 352.)  Straight leg raising was negative.  (AR 350.)  He opined Plaintiff could lift 100

9    pounds and had no limitations in sitting, standing, walking, or bending.  (AR 352.)  Based on

10   this report, two State agency reviewing physicians Dr. J. Hartman and Dr. Keith Wahl

11   determined that Plaintiff could perform heavy work.  (AR 24, 247-48, 347, 355-59.)

12           Dr. Sophon performed another complete orthopedic evaluation dated August 11, 2009.

13   (AR 520-25.)  Again, he found Claimant in no acute distress (AR 521), and no evidence of

14   tenderness or muscle spasm in the cervical spine or thoracic and lumber spine.  (AR 522.)

15   Straight leg raising was negative.  (AR 522.)  There was non-painful restriction of motion of both

16   the cervical and lumbosacral spine.  (AR 524.)  Plaintiff would be able to lift 50 pounds, and is

17   restricted to sitting, standing, and walking six hours out of an eight hour workday.  (AR 24.)

18           At the November 16, 2009, hearing, medical expert Dr. Arthur Lorber, who reviewed the

19   entire medical evidence of record, testified.  (AR 579-83.)  Dr. Lorber made specific reference to

20   an April 3, 2009, MRI that found minimal degenerative disease of the lumbar spine.  (AR 583,

21   557.)  He also discounted a June 14, 2004, MRI showing significant disc dessication as invalid

22   because of patient motion.  (AR 24.)  Relying on the opinions of Dr. Sophon and the two State

23   reviewing physicians and MRI radiological evidence, Dr. Lorber found that Plaintiff could

24   perform a limited range of light work activities.  (AR 579-83.)  Dr. Lorber indicated Claimant may

25   occasionally bend, stoop, crouch, and kneel, and should not crawl, balance, work at heights or

26   with vibration, or climb ladders.  (AR 583.)   The ALJ adopted Dr. Lorber's RFC assessment.

27   (AR 19.)

28

1  In conflict with the above evidence, Plaintiff's treating physician Dr. Nasir opined that

2  Plaintiff was unable to work because of migraine headaches, neck pain, shoulder pain, back

3  pain, leg pain, and anxiety.  (AR 21.)  A pain management specialist, Dr. Nasir prescribed

4  Motrin 800, Vicodin, Soma, and Xanax.  (AR 395.)  Treatment has included nerve blocks and

5  joint injections.  (AR 391-92, 416.)

6  The ALJ rejected Dr. Nasir's opinion for specific, legitimate reasons supported by

7  substantial evidence.  First, the ALJ found that Dr. Nasir's opinion was not well supported by

8  medically acceptable clinical and laboratory techniques.  (AR 21, 22.)  An ALJ may reject a

9  treating physician's opinion if it is brief, conclusory and unsupported by objective medical

10  evidence.  Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004).  The ALJ cited MRIs

11  and X-rays in 2009 indicating only mild/moderate radiological findings of degenerative changes

12  in the back and neck.  (AR 20, 22, 388, 389.)  An X-ray of the lumbar spine dated April 6, 2006,

13  found only mild spondylosis.  (AR 20, 22, 511-12.)  An electromyography showed only mild

14  radiculopathy.  (AR 20, 22, 441.)  Plaintiff points to no MRI or radiological findings to the

15  contrary.  Indeed, Dr. Nasir only cites to unspecified MRI reports in past medical records, none

16  of which support disability.  (AR 413, 423.)  Plaintiff argues that the MRI findings do not erase

17  Dr. Nasir's observations about pain but the ALJ's point is that the orthopedic and radiological

18  evidence does not support either Plaintiff's alleged pain symptoms or Dr. Nasir's observations

19  about Plaintiff's pain.  Plaintiff has no answer to the ALJ's finding that Dr. Nasir's opinion is

20  unsupported by objective medical evidence.

21  Second, the ALJ found Dr. Nasir's opinion "inconsistent with other substantial evidence

22  of record," including Dr. Sophon, the State agency reviewers, Dr. Lorber and the MRI, and

23  radiological evidence.  Plaintiff does not dispute this evidence other than by reference to

24  Dr. Nasir's conflicting opinion, which is not supported by the MRI and radiological evidence.

25  Again, it is the ALJ that is responsible for resolving conflicts in the medical evidence, Andrews,

26  53 F.3d at 1039.  The ALJ's interpretation of the evidence is reasonable and should not be

27  second-guessed.  Rollins, 261 F.3d at 857.

28

1    Third, Dr. Nasir prescribed a cane for Plaintiff, but he used it inconsistently (AR 19, 21),

2 and Dr. Lorber was of the opinion that there was no objective medical evidence to support the

3 use of a cane.  (AR 23-24.)  Numerous examinations indicated Plaintiff was "neurologically

4 intact with normal gait, no uncoordination noted, no motor weakness in the extremities and no

5 neurological impingement."  (AR 24.)

6    Fourth, Dr. Nasir prescribed numerous narcotic pain medications for Claimant's

7 musculoskeletal complaints that cause drowsiness and problems with concentration, focus, and

8 mental acuity.  (AR 20.)  Dr. Lorber, however, opined that "the objective evidence does not

9 support a degree of pain to substantiate the narcotics, i.e., no motor weakness, normal gait and

10 the claimant is neurologically intact."  (AR 24.)

11    Fifth, with regard to headaches, the ALJ found there was no evidence of a history of

12 regular treatment for headaches.  (AR 22.)  Plaintiff does not say otherwise.

13    Sixth, Dr. Nasir stated that Plaintiff's pain causes depression, but the ALJ found that

14 Plaintiff has received no mental health treatment and there is no longitudinal history of

15 psychiatric impairment.  (AR 22.)  Plaintiff does not contend otherwise.

16    Plaintiff argues that the lack of objective evidence does not address or negate Dr. Nasir's

17 pain observations (JS 13, 16) and notes that Dr. Nasir at all times found Claimant symptomatic

18 with regard to pain.  (JS 16.)  Yet the ALJ discounted Plaintiff's credibility on basically the same

19 evidence and for the same reasons that he rejected Dr. Nasir's opinion.  (AR 19-20, 21-22.)  An

20 ALJ may discount a treating physician's opinion if it is not supported by objective medical

21 evidence and is based on claimant's subjective complaints.  Batson v. Comm'r, 359 F.3d 1190,

22 1195 (9th Cir. 2004).

23    The ALJ also rejected the opinion of Dr. Styner, a consulting orthopedist who examined

24 Plaintiff on June 17, 2009.  (AR 22.)  Dr. Styner's June 17, 2009, report and June 29, 2009,

25 Multiple Impairment Questionnaire state that Plaintiff cannot work.  (AR 22, 486-506.)  The ALJ

26 rejected Dr. Styner's opinion because it was inconsistent with the opinions of Dr. Sophon, the

27 State agency reviewers, and Dr. Lorber and the radiological evidence previously discussed.

28

(AR 22-23.)  Again, the ALJ's interpretation of the evidence if reasonable should not be second-guessed.  Rollins, 261 F.3d at 857.

The ALJ properly rejected the opinions of Dr. Nasir and Dr. Styner for specific and legitimate reasons supported by substantial evidence.

**B.    The ALJ Properly Discounted Plaintiff's Credibility**

Plaintiff's final challenge to the ALJ's RFC is that the ALJ improperly discounted Plaintiff's subjective pain testimony.  The Court disagrees.

1.    Relevant Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2.  The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion."  Bunnell, 947 F.2d at 345.  These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony."  Thomas v. Barnhart, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so."  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

2.    Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause his alleged symptoms.  (AR 19.)  The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting

1    effects of his symptoms were not credible to the extent they are inconsistent with the ALJ's

2    RFC.  (AR 19.)  Because there was no finding of malingering, the ALJ was required to provide

3    clear and convincing reasons supported by substantial evidence to discount Plaintiff's

4    credibility.  Smolen, 80 F.3d at 1283-84.  The ALJ did so.

5         First, the ALJ found that the objective medical evidence does not support disability.  (AR

6    19-20.)  An ALJ is entitled to consider whether there is a lack of medical evidence to

7    corroborate a claimant's symptoms so long as it is not the only reason for discounting a

8    claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).  Here, the ALJ

9    cited normal musculoskeletal examinations of other physicians like Dr. Sophon, and the mild MRI

10   radiological findings.  (AR 20.)  Plaintiff does not dispute that there is objective medical

11   evidence not supporting disability.

12        Second, the ALJ noted Claimant's inconsistent use of the cane prescribed by Dr. Nasir.

13   (AR 19.)  An ALJ may consider the failure to follow a physician's treatment regimen in

14   evaluating credibility.  Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008.)

15        Third, the ALJ discounted Claimant's credibility because he "can perform activities of

16   daily living such as shopping, preparing simple meals and caring for his personal hygiene."  (AR

17   20.)  The ALJ also noted that Claimant also drives his grandchildren to school and drove

18   himself to the consultative examination.  (AR 20.)  These activities are inconsistent with

19   allegations of disabling pain.  Daily activities inconsistent with alleged limitations are a valid

20   basis for rejecting a claimant's credibility.  Burch, 400 F.3d at 681.

21                                          * * *

22        The ALJ's RFC is supported by substantial evidence.  The ALJ's non-disability

23   determination is supported by substantial evidence and free of legal error.

24   ///

25   ///

26   ///

27   ///

28   ///

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  June 7, 2012                                         /s/ John E. McDermott
                                                                JOHN E. MCDERMOTT
                                                                UNITED STATES MAGISTRATE JUDGE